UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

JANE DOE,
Individually and on behalf
of all others similarly situated,

    Plaintiff,

    v.

INNOVATIVE ENTERPRISES, INC.,

    Defendant.

Civil No. 4:20cv107

**ORDER**

    Pending before the Court is Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously. ECF No. 4. For the following reasons, Plaintiff's Motion is (ECF No. 4) is **GRANTED**.

**I. BACKGROUND**

    On July 10, 2020, Plaintiff filed a Complaint against Innovative Enterprises, Inc. Compl., ECF No. 1. Plaintiff alleges that Defendant has violated the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–x. *Id.* at 1. Specifically, Plaintiff alleges that Defendant sold an inaccurate consumer report including an expunged criminal record to a third party who sold it to Plaintiff's prospective employer. *Id.* at 6.

    Plaintiff seeks a protective order and leave to proceed pseudonymously. Mot. to Proceed Anonymously. ECF No. 4. She asserts that if she is not allowed to proceed under a pseudonym, her "name and her expunged criminal record will become public

1

and she will be stripped of the protections which her expungement and the FCRA afford her." Mem. in Supp at 5, ECF No. 4-1. Plaintiff asks to proceed publicly as Jane Doe and for entry of a protective order barring any reference to her name or identity on the public record. *Id.* She requests that identifying information be filed under seal. *Id.* at 8.

## II.     LEGAL STANDARDS

There is a "presumption of openness in judicial proceedings that generally requires disclosure of the identities of the parties to litigation." *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 806 (E.D. Va. 2012). "Identifying the parties to judicial proceedings is a vital component of the courts' facilitation of public access and public scrutiny of judicial proceedings. In short, the people have a right to know who is using their courts." *Id.* (citations, quotations, and alterations omitted).

Notwithstanding this presumption, courts have the discretion to allow parties to proceed under pseudonyms. *Id.*; *see also James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) ("[U]nder appropriate circumstances anonymity may, as a matter of discretion, be permitted."). In exercising its discretion, a court considers: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;" (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or . . . innocent non-parties;" (3) "the ages of the persons whose privacy interests are sought to be protected;" (4) "whether the action is against a governmental or private party;" and

2

(5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *Id.* (citations omitted). "[C]ourts must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Candidate No. 452207*, 42 F. Supp. 3d at 807 (quotation omitted).

### III. ANALYSIS

Plaintiff's interests in proceeding anonymously outweigh any public interest in knowing her identity and any risk of unfairness to Defendant. Plaintiff may proceed anonymously throughout the course of this litigation.

"Where the issues involved are matters of a sensitive and highly personal nature, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Candidate No. 452207*, 42 F. Supp. 3d at 807 (quotations and alterations omitted). Plaintiff alleges that Defendant supplied a consumer report containing inaccurate information likely to adversely affect Plaintiff's ability to obtain employment. Compl. at 19, ECF No. 1. Under the FCRA, consumers are entitled to privacy with regard to inaccurate information. Mem. in Supp. At 3, ECF No. 4-1. A key purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures" to ensure "confidentiality, accuracy, relevancy, and proper utilization" of consumer information. 15 U.S.C. § 1681(b). In this context, Plaintiff's shared information is sensitive and personal. *Cf. Doe v. 2 Unknown Employee[s] of Equal Opportunity Commission*, No. DKC 18-930, 2018 WL

3159068, at *1 (D. Md. Jun. 28, 2018) (holding that Plaintiff's criminal and medical records were not sensitive and personal) (citation omitted).

Plaintiff may be subjected to mental harm if her identity is revealed publicly. Plaintiff alleges that her new employer "used the consumer report it obtained and/or created to take an adverse employment action against her." Compl. at 49. Upon receiving the consumer report that incorrectly reported information, Plaintiff's employer terminated her employment. Compl. at 59. Plaintiff allegedly "suffered loss of employment, wages, and other economic losses, humiliation, damage to her reputation, emotional distress, loss of sleep, loss of appetite, relational strain . . . deprivation of congressionally-mandated information, and invasion of privacy." Compl. at 66, ECF No. 1. Plaintiff's employer took an adverse action against her before she could explain or correct what was on the consumer report, alleging causing her mental harm. *Id.*; *see also Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (focusing on the risk of retaliation against plaintiffs). This mental harm may also be extended to other potential members of the class. *Id.*

Mental and emotional harm may also befall Plaintiff and other innocent parties if she is forced to proceed without a pseudonym. Publicly identifying Plaintiff risks impeding her future employment prospects by making the improperly disclosed information public knowledge. Mem. in Supp. at 7, ECF No. 4-1. The same may

cause mental anguish to similarly situated non-parties regarding their present and future employment prospects.

There is little risk of prejudice to Defendant in allowing Plaintiff to proceed under a pseudonym. Defendant does not oppose this Motion. Def.'s Resp., ECF No. 10; *see Int'l Refugee Assistance Project v. Trump*, No. TDC-17-0361, 2017 WL 818255, at *3 (D. Md. Mar. 01, 2017) (finding "the risk of unfairness to opposing party from allowing Doe Plaintiffs to proceed anonymously minimal" because the defendant did not oppose the motion). Plaintiff's identity will be made available to Defendant and "Defendant will be able to fully and fairly litigate against Plaintiff . . . ." Mem. in Supp. at 5, ECF No. 4-1. The public's interest in open judicial proceedings does not outweigh any of these considerations:

> The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself. Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them. The assurance of fairness preserved by public presence at trial is not lost when one party's cause is pursued under a fictious name. These crucial interests served by open trials are not inevitably compromised by allowing a party to proceed anonymously.

*Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576–78 (1980)).

There is a special public interest here in allowing litigants to defend their rights under federal law without suffering the same injury as Plaintiff. Mem. in Supp. at 6, ECF No. 4-1.

Accordingly, Plaintiff's Motion to Proceed Anonymously is granted. For the same reasons, Plaintiff's Motion for a Protective Order is also granted. *See Candidate*

*No. 452207*, 42 F. Supp. 3d at 807 (finding the same interests "reflected in Federal Rule of Civil Procedure 5.2, which permits district courts to enter protective orders requiring the omission of certain information from court filings" (citing Fed. R. Civ. P. 52.(e))). The parties shall confer and file a motion for entry of an agreed upon protective order, with a proposed agreed protective order attached, within fourteen days of the date of this Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously (ECF No. 4) is **GRANTED**. The parties shall file their Joint Motion for Entry of an Agreed Upon Protective Order no later than fourteen days from the date of this Order. The Clerk is **REQUESTED** to please forward a copy of this Order to counsel of record for all parties.

**IT IS SO ORDERED.**

/s/<br>Arenda L. Wright Allen<br>United States District Judge

August 25, 2020
Norfolk, Virginia