**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JANE DOE,
Individually and on behalf of others
similarly situated,

        Plaintiffs,

                                 Civil Action No. 4:20-cv-00107

v.

INNOVATIVE ENTERPRISES, INC.

        Defendant.

**DEFENDANT INNOVATIVE ENTERPRISES, INC.'S**
**ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

COMES NOW the Defendant, Innovative Enterprises, Inc. ("Innovative" or "Innovative"), with its Answer and Affirmative Defenses to the Amended Class Action Complaint ("Amended Complaint") filed by the putative Plaintiffs, Jane Doe, *et al.*, and in response to the allegations avers as follows:

**PRELIMINARY STATEMENT**

1.      Innovative denies the allegations in paragraph one of the Amended Complaint and demands strict proof thereof.

2.      Innovative denies that it "originated" any denial or other decision regarding applications for employment related to the putative Plaintiffs. Innovative is without sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 2, and therefore denies the same.

3.      Innovative admits that from time to time, it obtains criminal history information and makes those records available to its customers pursuant to the terms of its agreements with

such customers. Innovative denies that those customers are "resellers." Innovative denies the remaining allegations in paragraph 3 of the Amended Complaint.

4.      Innovative denies the allegations in paragraph 4 of the Amended Complaint.

5.      Innovative states that the Amended Complaint speaks for itself.  Innovative denies the factual allegations in paragraph 5 of the Amended Complaint. The remaining allegations in paragraph 5 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 5 are contrary to law they are denied.

6.      Innovative admits that it is not a consumer reporting agency and does not maintain a "file" as defined by and contemplated in the FCRA. Innovative denies the remaining factual allegations in paragraph 6 of the Amended Complaint.

7.      Innovative denies the allegations in paragraph 7 of the Amended Complaint.

8.      Innovative denies the allegations in paragraph 8 of the Amended Complaint.

9.      Innovative states that the Amended Complaint speaks for itself.  To the extent paragraph 9 of the Amended Complaint refers to a document, that document speaks for itself. To the extent that the allegations in paragraph 9 vary from the contents of the document, they are denied.  The remaining allegations in paragraph 9 are denied.

10.      Innovative denies the allegations in paragraph 10 of the Amended Complaint.

11.      Innovative denies the factual allegations in paragraph 11 of the Amended Complaint. The remaining allegations in paragraph 11 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 11 are contrary to law they are denied.

12.      Innovative denies the allegations in paragraph 12 of the Amended Complaint.

**PARTIES**

13.      The allegations in paragraph 11 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 11 are contrary to law they are denied.

14.      The allegations in paragraph 14 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 14 are contrary to law they are denied.

15.      The allegations in paragraph 15 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 15 are contrary to law they are denied.

16.      Innovative admits that it conducts business and has employees in the Eastern District of Virginia, Newport News Division, but denies the remaining allegations in paragraph 16 of the Amended Complaint.

17.      The allegations in paragraph 17 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 17 are contrary to law they are denied.

18.      The allegations in paragraph 18 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 18 are contrary to law they are denied.

19.      Innovative admits that it sells information to its customers that it has collected. Innovative denies the remaining allegations in paragraph 19 of the Amended Complaint.

20.      Innovative denies the factual allegations in paragraph 20 of the Amended Complaint.

## JURISDICTION AND VENUE

21.     The allegations in paragraph 21 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 21 are contrary to law they are denied.

22.     The allegations in paragraph 22 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 22 are contrary to law they are denied.

### FACTS

**A.     Innovative Is A Consumer Reporting Agency.[1]**

23.     Innovative denies the allegations factual allegations contained within paragraph 23 of the Amended Complaint.

24.     Innovative denies the factual allegations in paragraph 24 of the Amended Complaint.

25.     Innovative denies any inference in paragraph 25 that the information it provides are "consumer reports" as defined by the FCRA § 1681a(f). Innovative admits that it markets and supplies data solutions to customers in a number of industries.

26.     Innovative denies the allegations in paragraph 26 of the Amended Complaint.

27.     Innovative denies the factual allegations contained within paragraph 27 of the Amended Complaint, and demand strict proof thereof. To the extent paragraph 27 raises a legal conclusion, no response is required. To the extent that the allegations in paragraph 27 are contrary to law they are denied.

28.     Innovative denies the allegations in paragraph 28 of the Amended Complaint.

---

[1] Innovative includes the headings included in the Amended Complaint for consistency only and without admitting or denying the factual allegations or legal conclusions contained therein. Innovative expressly denies that it is a consumer reporting agency as defined under the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* ("FCRA").

29.     Innovative denies the allegations in paragraph 29 of the Amended Complaint.

30.     Innovative is without sufficient knowledge or information to admit or deny the facts related to the conduct of third parties referenced in paragraph 30 of the Amended Complaint, and therefore denies said allegations. To the extent the allegations in paragraph 30 of the Amended Complaint state a legal conclusion, no response is required. To the extent that the allegations in paragraph 30 are contrary to law they are denied.

31.     Innovative denies that information it provides to third parties are "consumer reports" within the meaning of the FCRA or that the FCRA requires a notice be provided under the facts described herein; therefore, Innovative denies the inference arising from the allegations in paragraph 31 of the Amended Complaint that any such notice is required of Innovative.

32.     The allegations in paragraph 32 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 32 are contrary to law they are denied.

33.     The allegations in paragraph 33 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 33 are contrary to law they are denied.

**B.      Facts Regarding Ms. Doe.**

34.     Innovative is without sufficient knowledge or information to admit or deny the allegations in paragraph 34 of the Amended Complaint relating to the conduct of third parties; therefore, Innovative denies said allegations.  As to Innovative, the allegations in paragraph 34 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 34 are contrary to law they are denied.

35.     Innovative is without sufficient knowledge or information to admit or deny the

allegations in paragraph 35 of the Amended Complaint; therefore, the allegations are denied.

36.     Innovative is without sufficient knowledge or information to admit or deny the allegations in paragraph 36 of the Amended Complaint; therefore, the allegations are denied.

37.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 of the Amended Complaint; therefore, the allegations are denied.

38.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the Amended Complaint; therefore, the allegations are denied.

39.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 39 of the Amended Complaint; therefore, the allegations are denied.

40.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of the Amended Complaint; therefore, the allegations are denied.

41.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of the Amended Complaint; therefore, the allegations are denied.

42.     Innovative is without sufficient knowledge or information to admit or deny the factual allegations in paragraph 42 of the Amended Complaint; therefore, the allegations are denied.

43.     Innovative is without sufficient knowledge or information to admit or deny the facts in paragraph 43 of the amended class Amended Complaint; therefore, the allegations are denied.

44.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 44 of the Amended Complaint; therefore, the allegations are denied.

45.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of the Amended Complaint; therefore, the allegations are denied.

46.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 46 of the Amended Complaint; therefore, the allegations are denied.

47.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of the Amended Complaint; therefore, the allegations are denied.

48.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 48 of the Amended Complaint; therefore, the allegations are denied.

49.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 49 of the Amended Complaint; therefore, the allegations are denied.

50.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 50 of the Amended Complaint; therefore, the allegations are denied.

51.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 51 of the Amended Complaint; therefore, the allegations are

denied.

52.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 52 of the Amended Complaint; therefore, the allegations are denied.

53.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 53 of the Amended Complaint; therefore, the allegations are denied.

54.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 54 of the Amended Complaint; therefore, the allegations are denied.

55.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 55 of the Amended Complaint; therefore, the allegations are denied.

56.     Innovative denies the allegations in paragraph 56 of the Amended Complaint.

57.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 57 of the Amended Complaint; therefore, the allegations are denied.

58.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 58 of the Amended Complaint; therefore, the allegations are denied.

59.     Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 59 of the Amended Complaint; therefore, the allegations are denied.

60.      Innovative is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 60 of the Amended Complaint; therefore, the allegations are denied.

61.      Innovative denies the allegations in paragraph 61 of the Amended Complaint.

62.      Innovative admits that Ms. Doe filed a lawsuit against Trinity and Pinkerton in the District Court of Delaware. Innovative is without sufficient knowledge or information to admit or deny the remaining factual allegations in paragraph 62 of the Amended Complaint; therefore, the allegations are denied.

63.      Innovative, with his without sufficient knowledge or information to admit or deny the facts alleged in paragraph 63 of the Amended Complaint; therefore, the allegations are denied.

64.      The allegations in paragraph 64 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 64 are contrary to law they are denied.

65.      Innovative admits that it has been a defendant in one or more prior actions related to the records it makes available to customers. Innovative denies the remaining allegations in paragraph 65 of the Amended Complaint.

66.      The allegations in paragraph 66 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 66 are contrary to law they are denied.

67.      Innovative admits that it does not retain results of customer search inquiries beyond 60 days. Innovative denies the remaining allegations of paragraph 67 of the Amended Complaint.

68.      The allegations in paragraph 68 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 68 are contrary to

law they are denied.

69.     The allegations in paragraph 69 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 69 are contrary to law they are denied.

**C.     Facts Regarding Mr. Martinez**

70.     The allegations in paragraph 70 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 70 are contrary to law they are denied.

71.     Innovative is without sufficient knowledge or information to admit or deny the allegations in paragraph 71 of the Amended Complaint; therefore, the allegations are denied.

72.     Innovative admits that Checkr conducted a national search for criminal history records for using the search term "Joe Rolando Martinez" in January of 2020.  Innovative denies the remaining allegations in paragraph 72 of the Amended Complaint.

73.     The allegations in paragraph 73 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 73 are contrary to law they are denied.

74.     The allegations in paragraph 74 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 74 are contrary to law they are denied.

75.     Innovative is without sufficient knowledge or information to admit or deny the allegations in paragraph 75 of the Amended Complaint; therefore, the allegations are denied.

76.     Paragraph 76 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 76 vary from the contents of the document,

they are denied.  The remaining allegations in paragraph 76 are denied.

77.    Paragraph 77 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 77 vary from the contents of the document, they are denied.  The remaining allegations in paragraph 77 are denied.

78.    Paragraph 78 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 78 vary from the contents of the document, they are denied.

79.    Paragraph 79 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 79 vary from the contents of the document, they are denied.

80.    Innovative is without sufficient knowledge or information to admit or deny the allegations in paragraph 80 of the Amended Complaint; therefore, the allegations are denied.

81.    Innovative admits that Plaintiff Henderson has been the plaintiff in a number of actions filed against various companies.  Innovative is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 81 of the Amended Complaint; therefore, the allegations are denied.

82.    Innovative is without sufficient knowledge or information to admit or deny the allegations in paragraph 82 of the Amended Complaint; therefore, the allegations are denied.

83.    Paragraph 83 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 83 vary from the contents of the document, they are denied.  The remaining allegations in paragraph 83 are denied.

84.    Paragraph 84 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 84 vary from the contents of the document,

they are denied.  The remaining allegations in paragraph 84 are denied.

**D.    Innovative's Business Practices and Attempted FCRA Avoidance Generally.**

85.        Paragraph 85 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 85 vary from the contents of the document, they are denied.  The remaining allegations in paragraph 85 are denied.

86.        Paragraph 86 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 86 vary from the contents of the document, they are denied.  The remaining allegations in paragraph 86 are denied.

87.        The allegations in paragraph 87 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 87 are contrary to law they are denied.

88.        The allegations in paragraph 88 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 88 are contrary to law they are denied.

89.        The allegations in paragraph 89 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 89 are contrary to law they are denied.

90.        Paragraph 90 of the Amended Complaint refers to a document which speaks for itself. To the extent that the allegations in paragraph 90 vary from the contents of the document, they are denied.

91.        The allegations in paragraph 91 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 91 are contrary to law they are denied.

92.      The allegations in paragraph 92 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 92 are contrary to law they are denied.

93.      The allegations in paragraph 89 of the Amended Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 89 are contrary to law they are denied.

94.      Innovative denies the allegations in paragraph 94 of the Amended Complaint.

95.      Innovative denies the allegations in paragraph 95 of the Amended Complaint.

96.      Innovative denies the allegations in paragraph 96 of the Amended Complaint.

97.      Innovative denies the allegations in paragraph 97 of the Amended Complaint.

98.      Innovative denies the allegations in paragraph 98 of the Amended Complaint.

99.      Innovative admits that it provides consumers with information upon request. Innovative  denies the remaining allegations in paragraph 99 of the Amended Complaint.

100.      Innovative denies the allegations in paragraph 100 of the Amended Complaint.

101.      Innovative denies the allegations in paragraph 101 of the Amended Complaint.

102.      Innovative denies the allegations in paragraph 102 of the Amended Complaint.

103.      Innovative admits that Plaintiffs purport to bring the claims in the Amended Complaint on behalf of various classes defined therein. Innovative denies that this matter may be properly maintained against it as a class action.

104.      Innovative admits that Plaintiffs Doe and Martinez purport to bring a claim on behalf of a class.  Innovative further admits that Plaintiffs Doe and Martinez purport to define the class as stated in paragraph 104.  Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in

paragraph 104.

105.     Innovative admits that Plaintiff Doe purports to bring a claim on behalf of a class. Innovative further admits that Plaintiff Doe purports to define the class as stated in paragraph 105. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 105.

106.     Innovative admits that Plaintiffs Martinez and Henderson purport to bring claims on behalf of a class.  Innovative further admits that Plaintiffs Martinez and Henderson purport to define the class as stated in paragraph 106.  Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 106.

107.     Innovative admits that Plaintiffs claim that the numerosity requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 107.

108.     Innovative admits that Plaintiffs allege that the class members are numerous and geographically dispersed such that joinder of all members is impracticable. This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 108.

109.     Innovative admits that Plaintiffs claim that the typicality requirement of 23(a)(1) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 109.

110.     Innovative admits that Plaintiffs claim that the adequacy requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 110.

111.     Innovative admits that Plaintiffs claim that the commonality requirement of 23(a) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 111.

112.     Innovative admits that Plaintiffs claim that the superiority requirement of 23(b) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 112.

113.     Innovative denies the allegations of paragraph 113 of the Amended Complaint.

114.     Innovative admits that Plaintiffs claim that the predominance requirement of 23(a)(2) is present and satisfied.  This is a legal conclusion, which is not subject to admission or denial. Innovative denies that this claim may be properly maintained against it as a class action. Except as expressly admitted, Innovative denies the allegations in paragraph 114.

115.     Innovative denies the allegations of paragraph 115 of the Amended Complaint.

## COUNT ONE- CLASS CLAIM

### Failure to Provide "At The Time" Notice – 15 U.S.C. § 1681k(a)(1)

116.     In response to paragraph 116 of the Amended Complaint, Innovative incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

117.     Innovative denies the allegations of paragraph 117 of the Amended Complaint.

15

118.     Innovative denies the allegations of paragraph 118 of the Amended Complaint.

119.     Innovative admits that Plaintiffs allege certain activities related to Innovative. Innovative denies the remaining allegations of paragraph 119 of the Amended Complaint.

120.     Innovative admits that Plaintiffs allege certain activities related to Innovative. Innovative denies the allegations in paragraph 120 of the Amended Complaint.

121.     Innovative admits that Plaintiffs allege certain activities related to Innovative. Innovative denies the allegations of paragraph 121 of the Amended Complaint.

122.     Innovative denies the allegations of paragraph 122 of the Amended Complaint.

123.     Innovative denies the allegations of paragraph 123 of the Amended Complaint.

124.     Innovative denies the allegations of paragraph 124 of the Amended Complaint.

### COUNT TWO-CLASS CLAIM

### Obsolete Information – 15 U.S.C. § 1681c(a)

125.     In response to paragraph 125 of the Amended Complaint, Innovative incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

126.     Innovative denies the allegations of paragraph 126 of the Amended Complaint.

127.     Innovative denies the allegations of paragraph 127 of the Amended Complaint.

128.     Innovative denies the allegations of paragraph 128 of the Amended Complaint.

129.     Innovative denies the allegations of paragraph 129 of the Amended Complaint.

130.     Innovative denies the allegations of paragraph 130 of the Amended Complaint.

131.     Innovative denies the allegations of paragraph 131 of the Amended Complaint.

132.     Innovative denies the allegations of paragraph 132 of the Amended Complaint.

133.     Innovative denies the allegations of paragraph 133 of the Amended Complaint.

### COUNT THREE - CLASS CLAIM

**Incomplete Disclosures – 15 U.S.C. § 1681g(a)**

134.    In response to paragraph 134 of the Amended Complaint, Innovative incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

135.    Innovative admits Plaintiffs requested a "file disclosure" from Innovative. Innovative denies the remaining allegations of paragraph 135 of the Amended Complaint.

136.    Innovative denies the allegations of paragraph 136 of the Amended Complaint.

137.    Innovative denies the allegations of paragraph 137 of the Amended Complaint.

138.    Innovative denies the allegations of paragraph 138 of the Amended Complaint.

139.    Innovative denies the allegations of paragraph 139 of the Amended Complaint.

140.    Innovative denies the allegations of paragraph 140 of the Amended Complaint.

141.    Innovative denies the allegations of paragraph 141 of the Amended Complaint.

142.    Innovative denies the allegations of paragraph 142 of the Amended Complaint.

143.    Innovative denies the allegations of paragraph 143 of the Amended Complaint.

144.    Innovative denies the allegations of paragraph 144 of the Amended Complaint.

145.    Innovative denies the allegations of paragraph 145 of the Amended Complaint.

146.    Innovative denies the allegations of paragraph 146 of the Amended Complaint.

147.    Innovative denies the allegations of paragraph 147 of the Amended Complaint.

## COUNT THREE – INDIVIDUAL CLAIM

**Failure to Ensure Maximum Possible Accuracy – 15 U.S.C. § 1681e(b)**

148.    In response to paragraph 148 of the Amended Complaint, Innovative incorporates and re-asserts the responses contained in the foregoing paragraphs as if fully stated herein.

149.    Innovative denies the allegations of paragraph 149 of the Amended Complaint.

150.    Innovative denies the allegations of paragraph 150 of the Amended Complaint.

151.     Innovative denies the allegations of paragraph 151 of the Amended Complaint.

152.     Innovative denies the allegations of paragraph 152 of the Amended Complaint.

153.     Innovative denies the allegations of paragraph 153 of the Amended Complaint.

154.     Innovative denies the allegations of paragraph 154 of the Amended Complaint.

155.     Innovative denies that Plaintiffs may recover any of the requested relief in the WHEREFORE clause of the Amended Complaint.

156.     Innovative denies each and every allegation not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiffs' claims fail to the extent that the Amended Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Innovative and fails to state facts sufficient to entitle Plaintiffs to the relief sought.

### SECOND AFFIRMATIVE DEFENSE
**(Intervening Superseding Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages, which Innovative continues to deny, were the result of acts or omissions of third persons over whom Innovative had neither control nor responsibility.

### THIRD AFFIRMATIVE DEFENSE
**(Proximate Cause)**

Plaintiffs' claims fail to the extent that Plaintiffs' purported damages were the direct and proximate result of the conduct of Plaintiff or others over whom Innovative had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE
**(Punitive Damages)**

Plaintiffs' claim for punitive damages fails to the extent that the Amended Complaint fails to state a claim for relief for punitive damages.

### FIFTH DEFENSE
**(Failure to Mitigate Damages)**

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to mitigate their respective alleged damages.

### SIXTH DEFENSE
**(Impropriety as a Class Action)**

This action may not properly proceed as a class action under Federal Rule of Civil Procedure 23 to the extent that, among other reasons, Plaintiffs' claims are not typical of the claims of each putative class member; questions of law and fact allegedly common to the putative class do not predominate over the numerous questions affecting only putative class members; a class action is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and any claims of putative class members; and there are insurmountable difficulties that would be encountered in any attempt to proceed as a class action.

## SEVENTH DEFENSE
### (Standing)

The Amended Complaint is barred, in whole or in part, to the extent that Plaintiffs and the putative class members lack standing.

## EIGHTH DEFENSE
### (Preclusion)

Plaintiffs' claims are barred, in whole or in part, to the extent the claims made in the Amended Complaint on behalf of putative class members are barred by the doctrine of judicial estoppel, collateral estoppel, and *res judicata*, including with respect to the related actions filed by Plaintiffs against third parties, including but not limited to Pinkerton Consulting & Investigations, Trinity Logistics, Inc. and others related to the facts alleged in the Amended Complaint.

## NINTH DEFENSE
### (Statute of Limitations)

Plaintiffs' Amended Complaint fails to the extent that it is barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE
### (Right to Assert Additional Defenses)

Innovative reserves the right to assert additional affirmative defenses at such time and to

20

such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Innovative, Innovative Enterprises, Inc., requests that the Court enter an order: (1) dismissing the Amended Complaint with prejudice; (2) awarding Innovative its costs and expenses incurred herein; and (3) awarding Innovative such other and further relief as the Court may deem just and proper.

**INNOVATIVE ENTERPRISES, INC.**

By: /s/ Jennifer L. Sarvadi
Jennifer L. Sarvadi (VSB No. 47543)
Rebecca E. Kuehn
Virginia State Bar No. 37292
Hudson Cook, LLP
1909 K Street NW, 4th Floor
Washington, DC  20006
Telephone: (202) 715-2002
Email: jsarvadi@hudco.com
Counsel for Innovative Enterprises, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September, 2020, I electronically filed the foregoing Defendant Innovative Enterprise, Inc.'s Answer to Plaintiffs' Amended Class Action Complaint with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Susan Mary Rotkis,
Price Law Group, APC
382 S. Convent Ave.
Tucson, AZ  85701
Telephone: (520) 622-2481
Email: susan@pricelawgroup.com

*Counsel for Plaintiff*

/s/ Jennifer L. Sarvadi
Jennifer L. Sarvadi (VSB No. 47543)
Rebecca E. Kuehn
Virginia State Bar No. 37292
Hudson Cook, LLP
1909 K Street NW, 4th Floor
Washington, DC  20006
Telephone: (202) 715-2002
Email: jsarvadi@hudco.com
*Counsel for Innovative Enterprises, Inc.*